## SUPREME COURT.

CHARLES PARDEE, respondent, agt. DAVID TILTON, appellant.

*Supplementary proceedings — order in, should not direct proceedings to be sent to another county — representatives of deceased plaintiff may institute.*

An order in supplementary proceedings should not direct the proceedings to be sent to any other county than that in which the examination is had.

The representatives of a party whose rights, under the judgment and execution, had been determined prior to September, 1877, may institute supplemental proceedings without renewing the action.

*First Department, General Term, February,* 1880.

APPEAL from order of a judge of this court, denying motion to vacate order in supplemental proceedings.

On the 13th of June, 1877, Charles Pardee recovered a judgment in this court against the defendant for $1,184.44, which judgment was on that date docketed and filed in the office of the clerk of the county of Onondaga. On the fifteenth of June, a transcript was duly docketed in New York county, and an execution there issued was returned unsatisfied.

On the 9th of April, 1878, Charles Pardee died, and, on the twenty-second of July following, Jacob C. De Witt was appointed administrator of his estate. The defendant then resided, and still resides, in the city of New York. On the 3d of May, 1879, the said administrator applied to Mr. justice Noxon, in Onondaga county, for an order in supplemental proceedings, and an order was by him made, which directed the defendant to appear before a referee named in the order, in the city of New York, and which directed the referee to reduce the examination to writing, and report the same to Mr. justice Noxon. The order also directed that all subse-

Pardee agt. Tilton.

quent proceedings should be had before Mr. justice DONOHUE, of the city of New York. This order having been served on the defendant, an application was made to vacate the same, on the ground that the plaintiff in the action was dead, and that no proceeding had been taken to revive the action, and, since it appeared that the execution had been issued and returned in the lifetime of the plaintiff, that, therefore,. the administrator had no right under it to institute these proceedings. The motion was denied, and the present appeal taken.

*S. J. Crooks,* for appellant.

*E. P. Bartlett,* for respondent.

PER CURIAM. — The order of Mr. justice NOXON was irregular in requiring the evidence and proceedings had before the referee to be returned to him. He had the power to make the order for the examination of the defendant, and, doubtless, under section 300 of the Code, he had authority to appoint a referee. But section 292 requires that all subsequent proceedings shall be had before some justice in the judicial department where the judgment debtor resides, to be specified in the order. But the principal question on the appeal is whether, under the circumstances, the administrator of deceased plaintiff could institute these proceedings upon the execution issued and returned during the lifetime of the plaintiff. Section 283 of the former Code clearly gave him this right. But this section was repealed by chapter 417 of the Laws of 1877. But it is claimed that, since the plaintiff was, at the time of his death, entitled to invoke this remedy, the right then existing passed to his legal representative, and is preserved by the saving and qualifying provisions of the general repealing act of 1877 (*Laws of* 1877, *chap.* 417, *sec.* 3). We are of the opinion that the qualifying provisions above cited did have the effect to preserve that right, and, notwithstanding the repeal of section 283, the right which

had accrued under it was preserved, and could still be enforced by the representative of the plaintiff, and that the order made by Mr. justice Noxon was, therefore, legal and regular, except in the direction given to the referee, which, it is apparent, was a mere oversight.

The order should, therefore, be affirmed.